UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CIV-60627-DIMITROULEAS/VALLE

EDWARDO FONSECA,

    Plaintiff,

v.

LYFE VISION LOGISTICS INC., et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS CAUSE is before the Court on ATD Mediation & Arbitration P.A.'s Motion to Compel Defendants' Payment of Mediation Fee and for Fees and Costs (the "Motion"). (ECF No. 35). U.S. District Judge William P. Dimitrouleas referred the Motion to the undersigned for "appropriate disposition or report and recommendation." (ECF No. 36). For the reasons set forth below, the undersigned respectfully recommends that the Motion be **GRANTED**.

### I.     PROCEDURAL BACKGROUND

ATD Mediation & Arbitration P.A. ("ATD"), through mediator Daniel T. Feld, Esq., mediated this case to settlement on September 26, 2019. *See* (ECF Nos. 12-14). Pursuant to the Parties' Settlement Agreement, over which the Court has retained jurisdiction to enforce, Defendants were required to pay the mediation fee in full. *See* (ECF Nos. 16-1 at 1-2, 34). Defendants, however, have not paid the mediation fee as required. *See generally* (ECF No. 35).

Between September 30, 2019 and May 1, 2020, ATD attempted to resolve this matter without court intervention on at least six occasions. *See* (ECF No. 35 at 2). When those efforts failed, ATD retained counsel to facilitate collection of the debt. *Id.* Upon being retained by ATD

to pursue collection of the outstanding debt, counsel emailed Defendants' attorney several times: June 16, 2020; July 14, 2020; and July 23, 2020. *Id*. at 2-3; (ECF No. 35-2 at 1-3). Counsel also attempted to contact the Defendants directly through email on July 23, 2020 and July 28, 2020. (ECF No. 35-3). Despite these efforts, Defendants did not respond or pay the outstanding balance. On August 6, 2020, counsel filed the instant Motion. Defendants did not respond to the Motion.

Accordingly, on October 22, 2020, the undersigned entered an Order to Show Cause why the Motion should not be granted and warned that "[f]ailure to timely respond may result in the Motion being granted by default without further notice." (ECF No. 37). In response to the Order to Show Cause, Defendants' counsel filed a two-line response, simply stating that he was unable to respond to the Motion because he "ha[d] not had any communications with Defendants since shortly after the date of the mediation." (ECF No. 38).

## II.   DISCUSSION

ATD's Notice of Mediation, provided to the parties in advance of mediation, provides that ATD is entitled to fees at an hourly rate of $400 if a dispute arises over the mediator's fee that requires the filing of court papers or attendance at a court proceeding, for which fees the parties and their counsel will be jointly and severally liable. (ECF No. 35 at 3); *see also* (ECF No. 13 at 2) (the "Notice of Mediation"). The Notice of Mediation further provides that ATD would be entitled to a 12% yearly interest rate on any invoice that remained unpaid for more than 10 days past due. (ECF No. 35 at 3); *see also* (ECF No. 13 at 2).

In the Motion, ATD seeks to recover its $1,050 mediation fee plus 12% interest accrued through collection of the underlying judgment,[1] and $1,360 for 3.4 hours in attorney's fees incurred in its efforts to collect the debt, for a total award of $2,515.28 (as of the filing of Motion on August

---

[1] As of August 6, 2020, the date of the filing of the Motion, ATD sought to collect $105.28 in interest. (ECF No. 35 at 3).

2

6, 2020).  (ECF No. 35 at 3-4, 12).  ATD moves the Court to impose the award against Defendants, jointly and severally.  *Id.* at 4, 12.

Pursuant to Local Rule 7.1(c), "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."  S.D. Fla. L.R. 7.1(c).  To date, Defendants have not filed an opposing memorandum of law.  Thus, Defendants' failure to respond to ATD's motion within fourteen days is sufficient cause to grant the motion by default.  *See, e.g., see Alonso v. AAA Towing & Recovery, LLC et al.*, No. 16-24189-CIV, 2018 WL 6040086 (S.D. Fla Nov. 16, 2018) (finding Defendants and their counsel jointly and severally liable for mediation fees (including 12% interest) and attorneys' fees after Defendants failed to respond to mediator's motion for payment of outstanding mediation fees); *Ibezim v. GEO Group, Inc.*, No. 17-CV-80572, 2018 WL 6426408 (S.D. Fla. Dec. 7, 2018), *reconsideration denied*, No. 17-CV-80572, 2018 WL 6814374 (S.D. Fla. Dec. 27, 2018), *aff'd*, 786 F. App'x 975 (11th Cir. 2019) (finding Plaintiff and Plaintiff's counsel jointly and severally liable for mediation fee and attorney fees when they failed to respond to appropriate motion, and awarding $2,757.83 in mediator's fees inclusive of 12% interest and $2,040 in attorneys' fees).

Moreover, the Motion should also be granted on the merits.  The Court's Order of Referral to Mediation provides:

> The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties.  The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court.  All payments shall be remitted to the mediator within forty-five (45) days of the date of the bill . . . ."

(ECF No. 11 at 5 ¶ 6.h.).  Local Rule 16.2(b)(7), in turn, provides that "[a]ll mediation fees payable under this rule shall be due within forty-five (45) days of invoice and shall be enforceable by the Court upon motion."  S.D. Fla. L.R. 16.2(b)(7).

Here, the Parties accepted ATD's fee schedule when they selected Daniel T. Feld, Esq. to mediate and a Notice of Mediation containing ATD's pricing structure was docketed.  (ECF Nos. 12, 13).  Moreover, although Defendants agreed to pay the mediation expenses in the Settlement Agreement, they failed to do so within 45 days, as required by the Court's Order and the Local Rules.  Accordingly, in light of ATD's diligent efforts to collect its fee without court intervention, the public policy favoring the enforcement of contracts, and "the need to ensure payment of those who supervise court-ordered mediation conferences," the undersigned finds good cause to award ATD its reasonable attorney's fees incurred in its collection efforts, including the filing of this Motion.  *Vidaurre v. Associated Corp.*, No. 17-80212-CV, 2019 WL 2897019, at *2 (S.D. Fla. July 2, 2019).

Lastly, the undersigned finds that the hours billed by ATD's counsel and counsel's hourly rate are reasonable.  ATD's counsel billed a total of 3.7 hours at an hourly rate of $400 for tasks such as reviewing the file, communicating with Defendants and their counsel to resolve the outstanding bill, and drafting the Motion.  (ECF No. 35 at 4); *see Evans v. MSC Cruises, S.A.*, No. 17-61180-CIV, 2019 WL 238222, at *2 (S.D. Fla. Jan. 15, 2019) (finding 3.9 hours at hourly rate of $400 reasonable for ADT's counsel's efforts in similar action to collect outstanding mediation fee); *accord Ibezim,* 2018 WL 6426408, at *2 n.1 (finding 5.10 hours billed at hourly rate of $400 reasonable for ADT's counsel's efforts in similar action to collect outstanding mediation fee).  ATD counsel did not bill for clerical or secretarial time incurred in connection with the Motion. (ECF No. 35 at 4 n.2).

### III.  CONCLUSION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

(i)  ATD'S Motion to Compel Defendants' Payment of Mediation Fee and for Fees and Costs (ECF No. 35) be **GRANTED**; and

(ii)  Defendants Lyfe Vision Logistics Inc., LVL Empire Inc., Michael Chirino, and Jessica Chirino should be jointly and severally ordered to pay **$1,050** in mediator's fees, **$105.28** in interest through August 6, 2020 (the date the Motion was filed), plus interest from August 7, 2020 through the date of this Court's final Order, and **$1,360** in attorney's fees.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's Order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 9th day of December, 2020.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge William P. Dimitrouleas
All Counsel of Record